### SNELL v. THORP.

*(Supreme Court, General Term, Fourth Department. July, 1891.)*

TROVER AND CONVERSION—TITLE TO MAINTAIN—EXECUTED AGREEMENT.

>Plaintiff purchased certain "last blocks" from C., a written memorandum of the sale being made, by which C. agreed to deliver and load on the cars at a certain station 3,500 "last blocks," "which are now in the woods on his land, and also what blocks are now at the railroad," for which plaintiff was to pay C. $120, "fifty dollars down, and the balance when done." Defendant levied an attachment on such of the blocks, 1,500 in number, as were at the railroad at the time of the purchase. *Held*, that the agreement was not executory as to that part of the blocks, and plaintiff's title thereto and possession thereof was sufficient to enable him to sue defendant for their conversion.

Appeal from Oneida county court.

Action by Irving Snell against Robert Thorp. From a judgment, entered on the verdict of a jury, and from an order denying his motion for a new trial, defendant appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*A. L. Hayes* and *Walter Ballou*, for appellant. *De Angelis & Doolittle*, for respondent.

MERWIN, J. Upon the undisputed evidence the plaintiff was entitled to recover nominal damages, provided he had such title or possession as enabled him to maintain the action. The levy under defendant's attachment, and which was the occasion of the alleged trespass, was October 15, 1884, and ceased on November 7, 1884. In the winter previous Joseph Williams, under some arrangement with Byron Cool that the evidence does not disclose, cut upon the lands of Cool about 5,500 last blocks. Of those about 1,500 were during the same winter delivered at the Alder Creek station of the Black River Railroad by the defendant and one Joyce. The rest remained in the woods of Cool. On the 22d September, 1884, the plaintiff met Cool at the station above named, and, as Cool and plaintiff both in substance testify, (the former upon the examination of defendant,) plaintiff, after some negotiation, offered Cool $120 for the blocks, and Cool accepted the offer, and agreed to bring the remainder to the cars, and to load them all on the cars, whenever plaintiff requested it. At the close of the negotiation a memorandum was made and signed by Cool, by which he "agrees to deliver and load on the cars at Alder Creek station thirty-five hundred last blocks, which are now in the woods on his land, and also what blocks are now at the railroad, being the same blocks cut by Joseph S. Williams last winter; for which service said Snell is to pay said Cool the sum of one hundred twenty dollars, as follows: Fifty dollars down, and the balance when done." The $50 was paid down. The balance of the blocks were drawn by Cool to the station prior to the 15th October. The levy was designed to be on the 1,500 blocks that had been previously drawn. The claim of the defendant is that the agreement between Cool and plaintiff was executory, and that no title or right of possession passed until payment. The balance was not paid Cool until after the levy. Williams seems to have had some interest in the property, which apparently the plaintiff had previously purchased. No point is made by the defendant about that. The writing signed by Cool seems to rebut the idea that the transfer of the title was conditioned upon the payment of the balance. The matter is treated, not as a purchase, but as a performance by Cool of work and service for the plaintiff. There is no evidence of a design to make the transfer of title conditioned upon the payment. This would especially be the case as to the 1,500 blocks which at the time were in the custody of the railroad company. As to these Cool had nothing to do except to load them onto the cars whenever required by plaintiff. We think the undisputed evidence showed a sufficient title and possession, as to the 1,500 at least, to enable the plaintiff to maintain trespass. Judgment and order affirmed, with costs. All concur.